IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SELWIN MARTIN,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN STEPHEN D'ILIO, et al.,<br><br>        Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-7158 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    Petitioner is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1).

    1.    After a jury trial, Petitioner was sentenced by the Superior Court of New Jersey, Camden County, Law Division on October 15, 1999, to life imprisonment with a thirty-five-year term of parole ineligibility. (Docket Entry 1 at 1).

    2.    Petitioner filed a direct appeal. The New Jersey Superior Court Appellate Division affirmed his convictions, *State v. Martin*, No. A-1742-99 (N.J. Super. Ct. App. Div. Sept. 21, 2001), and the New Jersey Supreme Court denied certification on January 10, 2002, *State v. Martin*, 791 A.2d 220 (N.J. 2002).

    3.    Petitioner filed a timely petition for post-conviction relief ("PCR") in the state courts on October 21, 2002. (Docket Entry 1 at 2).

4.      On April 30, 2004, the PCR court denied the petition. *See State v. Martin*, No. A-3994-11, 2014 WL 7178019, at *1 (N.J. Super. Ct. App. Div. Dec. 18, 2014).

5.      Petitioner did not appeal the denial of his PCR petition until April 6, 2012. The Appellate Division granted his motion to file his notice of appeal as within time on June 27, 2012. *Id.* at *2.

6.      The Appellate Division affirmed the PCR court on December 18, 2014, *see id.*, and the New Jersey Supreme Court denied certification on April 30, 2015, *State v. Martin*, 112 A.3d 593 (N.J. 2015).

7.      Petitioner handed this petition for a Writ of Habeas Corpus to prison officials for mailing on June 12, 2015. (Docket Entry 1 at 13; Docket Entry 1-4 at 3-6).

8.      Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in

>    violation of the Constitution or laws of the
>    United States is removed, if the applicant was
>    prevented from filing by such State action;
>
>    (C) the date on which the constitutional right
>    asserted was initially recognized by the
>    Supreme Court, if the right has been newly
>    recognized by the Supreme Court and made
>    retroactively applicable to cases on
>    collateral review; or
>
>    (D) the date on which the factual predicate of
>    the claim or claims presented could have been
>    discovered through the exercise of due
>    diligence.

28 U.S.C. § 2244(d)(1).

9. Petitioner's direct appeal concluded on January 10, 2002. *State v. Martin*, 791 A.2d 220 (N.J. 2002). Petitioner's conviction became "final" for habeas purposes upon the expiration of the ninety (90) day period in which he could have sought a writ of certiorari from the United States Supreme Court, April 10, 2002.

10. Petitioner's one-year limitations period began running on April 11, 2002,[1] and was tolled when he filed his PCR petition on October 21, 2002. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

---

[1] Petitioner erroneously calculated his one-year from January 11, 2002, rather than April 11, 2002. As his convictions were not "final" within the meaning of AEDPA until the time period for seeking certiorari expired, 28 U.S.C. § 2244(d)(1)(A), April 11, 2002 was the first day of the 365-day limitations period.

3

11.  A total of 194 days elapsed before Petitioner filed his PCR petition, leaving him with 171 days remaining in his AEDPA limitations period.

12.  Petitioner argues his petition is timely as the Appellate Division permitted him to file his PCR appeal out of time, and he handed his § 2254 petition to prison officials before the limitations period expired. (Docket Entry 1 at 12-13); *see also Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.").

13.  Although it appears Petitioner's appeal was "properly filed" under New Jersey law, the question remains as to whether it was "pending" in the state courts between the PCR court's denial of the petition and Petitioner's filing of an appeal nearly eight years later.

14.  The Third Circuit has held collateral relief petitions are "pending" during the time period in which a petitioner could timely seek appellate review. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000) ("[F]or purposes of § 2244(d)(2) 'pending' includes the time for seeking discretionary review, whether or not discretionary review is sought."). Therefore, Petitioner's PCR petition was clearly "pending" until the expiration of the forty-five-day period

in which he could have timely sought review by the Appellate Division. N.J. Ct. R. 2:4-1(a).

15. The Third Circuit has also noted, however, that the filing of a motion to file an appeal out of time does not stop the running of the statute of limitations. *See Douglas v. Horn*, 359 F.3d 257, 263 (3d Cir. 2004) (rejecting notion that by "filing a *nunc pro tunc* petition for leave to appeal a petitioner could obtain further tolling after the time for even discretionary review of a judgment has expired."); *Swartz v. Meyers*, 204 F.3d 417, 423 n.6 (3d Cir. 2000) ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation."); *see also Butler v. Holmes*, No. 12-4681, 2015 WL 5446411, at *2 (D.N.J. Sept. 15, 2015)("[I]f an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of timely appeal and when the appeal was actually filed.").

16. The last day Petitioner could have filed a timely appeal with the Appellate Division was June 14, 2004. Petitioner's AEDPA deadline expired 171 days later on December 2, 2004.

17. The § 2254 petition was not filed until June 12, 2015, over ten years late.

18. Even if the filing of Petitioner's request to file an out of time appeal did toll the statute of limitations, it had already expired well before the motion was filed on April 6, 2012.

19. AEDPA's statute of limitations is subject to equitable tolling in appropriate cases, however. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

20. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. . . . A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

21. "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799-800.

22. In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, ... *but rather how severe an obstacle it is*

*for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Id.* at 802-03 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

23. "In addition, for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ibid.*

24. In the interests of justice, Petitioner shall be ordered to show cause, within thirty (30) days of the date of this Order, why his Petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

25. Any response by Petitioner shall state with specificity any facts that may entitle him to equitable tolling of the statute of limitations, or that otherwise demonstrate why his present § 2254 petition is timely.

 **November 9, 2015**             **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  Chief U.S. District Judge

7