IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SELWIN MARTIN,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN STEPHEN D'ILIO, et al.,<br><br>    Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-7158 (JBS)<br><br>**OPINION** |

SELWIN MARTIN, Petitioner Pro Se
509251C 666997
New Jersey State Prison
P.O. Box 8614
Trenton, New Jersey 08625

MARY EVA COLALILLO, Camden County Prosecutor
ROBIN ANN HAMETT, Assistant Prosecutor, Section Chief
Camden County Prosecutor's Office
Motion and Appeals Unit
25 North Fifth Street
Camden, New Jersey 08102
    Attorney for Respondent Stephen D'Ilio

**SIMANDLE, Chief Judge:**

**I. INTRODUCTION**

    This matter comes before the Court on Respondent Stephen D'Ilio's Motion to Dismiss this petition for writ of habeas corpus under 28 U.S.C. § 2554 as time-barred. Motion to Dismiss, Docket Entry 8. Pro se Petitioner Selwin Martin did not file a response to the motion. The matter is being decided on the papers pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion is granted, and the petition is

dismissed with prejudice as untimely. No certificate of appealability will issue.

**II. BACKGROUND**

After a jury trial in Camden County, Petitioner was sentenced by the Superior Court of New Jersey, Law Division to life imprisonment with a thirty-five-year term of parole ineligibility on October 15, 1999. Petition, Docket Entry 1 at 1. He filed a direct appeal, and the New Jersey Superior Court Appellate Division ("Appellate Division") affirmed his convictions. *State v. Martin*, No. A-1742-99 (N.J. Super. Ct. App. Div. Sept. 21, 2001).[1] The New Jersey Supreme Court denied certification on January 10, 2002. *State v. Martin*, 791 A.2d 220 (N.J. 2002).

Petitioner filed a timely petition for post-conviction relief ("PCR") in the state courts on October 21, 2002. Petition at 2; Respondent's Exhibit 3. On April 30, 2004, the PCR court denied the petition. *See State v. Martin*, No. A-3994-11, 2014 WL 7178019, at *1 (N.J. Super. Ct. App. Div. Dec. 18, 2014); Respondent's Exhibit 8. Petitioner did not appeal the denial of his PCR petition until April 6, 2012. The Appellate Division granted his motion to file his notice of appeal as within time

---

[1] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009).

on June 27, 2012. Respondent's Exhibit 6. The Appellate Division affirmed the PCR court on December 18, 2014, *Martin*, 2014 WL 7178019, at *1, and the New Jersey Supreme Court denied certification on April 30, 2015, *State v. Martin*, 112 A.3d 593 (N.J. 2015).

Petitioner handed this petition for a writ of habeas corpus to prison officials for mailing on June 12, 2015.[2] Petition at 13; Postage Remit, Docket Entry 1-4 at 3-6. On November 10, 2015, the Court issued an order to show cause as to why the petition should not be dismissed as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Order to Show Cause, Docket Entry 3. Petitioner filed a response on December 10, 2015. Show Cause Response, Docket Entry 4. The Court thereafter ordered Respondent to file either a motion to dismiss or an answer to the petition. Docket Entry 5. Respondent filed the instant motion on June 30, 2016; Petitioner did not submit a response to the motion.

---

[2] The Clerk's Office received the filing fee on June 19, 2015; however, the petition itself was not received until September 29, 2015. As the postage remit indicates Petitioner asked the prison business office to mail his petition on June 12, 2015, the Court considers the petition filed as of that date. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.").

**III. ANALYSIS**

**A. Timeliness**

AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). As Petitioner's conviction occurred after AEDPA's effective date, he is subject to its one-year statute of limitations.

Petitioner's direct appeal concluded on January 10, 2002. *State v. Martin*, 791 A.2d 220 (N.J. 2002). Petitioner's

conviction therefore became "final" for habeas purposes upon the expiration of the ninety (90) day period in which he could have sought a writ of certiorari from the United States Supreme Court, April 10, 2002. His one-year limitations period began running on April 11, 2002, and was tolled 194 days later when Petitioner filed his PCR petition on October 21, 2002. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). At the time of the filing of the PCR petition, 171 days remained in Petitioner's AEDPA limitations period.

Petitioner's PCR petition was denied on April 30, 2004. It remained "pending" during the time period in which Petitioner could have filed a timely appeal. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000) ("[F]or purposes of § 2244(d)(2) 'pending' includes the time for seeking discretionary review, whether or not discretionary review is sought."). Under New Jersey law, Petitioner had forty-five days to seek review by the Appellate Division. N.J. Ct. R. 2:4-1(a). Therefore, the PCR petition

remained pending until June 14, 2004, and the remaining 171 days in the one-year AEDPA period expired on December 2, 2004.[3]

In response to the Court's Order to Show Cause, Petitioner argues that he should be given the benefit of equitable tolling because his PCR attorney failed to file a timely appeal after assuring Petitioner one would be filed. Show Cause Response ¶ 3. After the PCR court denied the application in April 2004, Petitioner was transferred to Lee County Federal Prison in Virginia. *Id.* ¶ 4. Petitioner began writing to PCR counsel in January 2005 inquiring as to the status of his appeal. *Id.* ¶ 5. He states he called and wrote to his attorney every six months,

---

[3] The filing of a motion to file an appeal out of time does not stop the running of the statute of limitations. *See Douglas v. Horn*, 359 F.3d 257, 263 (3d Cir. 2004) (rejecting notion that by "filing a nunc pro tunc petition for leave to appeal a petitioner could obtain further tolling after the time for even discretionary review of a judgment has expired."); *Swartz*, 204 at 423 n.6 ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation."); *see also Alvarenga v. Lagana*, No. 13-4604, 2016 WL 3610156, at *1 (D.N.J. July 1, 2016) ("When an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of time to appeal and when the appeal was actually filed."), *aff'd sub nom Alvarenga v. Admin N. State Prison*, No. 16-3538 (3d Cir. Dec. 14, 2016)(denying certificate of appealability). Even if the filing of the motion to appeal out of time did toll the statute of limitations, Petitioner would not be entitled to statutory tolling as the one-year period under 28 U.S.C. § 2244(d)(1), supra, expired long before Petitioner's motion was filed on April 6, 2012.

but counsel never answered any of the letters or phone calls.[4] *Id.* ¶ 6. Petitioner was transferred to Camden County Jail on December 6, 2011 and was eventually placed in New Jersey State Prison ("NJSP") on December 9. *Id.* ¶ 7. Upon his arrival at NJSP, Petitioner realized he did not have all of his papers. *Id.* ¶ 8. Petitioner spoke with a NJSP prison paralegal who learned from the Appellate Division that no PCR appeal had been filed on Petitioner's behalf. *Id.* ¶ 9. Thus, four months later, on April 6, 2012, Petitioner filed his motion for leave to file an appeal out of time. *Id.* ¶ 10. Petitioner asserts he was diligent in "attempting to acertain the status of [his] appeal and demonstrated excusable neglect in not filing [his] Federal Habeas petition earlier." *Id.* ¶ 11.

AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling

---

[4] Petitioner refers to the "attached" letters to PCR counsel, but no letters were attached to the original petition or to the show cause response. Petitioner has not submitted the letters in response to Respondent's motion. The Court accepts for purposes of this motion that Petitioner's description of the letters is accurate. However, the Court finds that an evidentiary hearing is not warranted as it concludes that after even accepting the alleged contents of the letters as true, Petitioner did not act with reasonable diligence. *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (affirming denial of equitable tolling without a hearing "where petitioner failed to show that he exercised reasonable diligence in attempting to file a timely petition" (citing *Robinson v. Johnson*, 313 F.3d 128, 143 (3d Cir. 2002))).

7

bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. . . . A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). "Mere excusable neglect is not sufficient." *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005).

Attorney abandonment can constitute extraordinary circumstances. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013). *See also Ross*, 712 F.3d at 800 (holding attorney malfeasance may warrant equitable tolling "when combined with reasonable diligence on the part of the petitioner in pursuit of his rights"). However, Petitioner has not established he acted with reasonable diligence, and he must establish both elements in order to be entitled to equitable tolling. *See Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) ("[W]e have expressly characterized equitable tolling's two components as 'elements,' not merely

factors of indeterminate or commensurable weight."). The obligation to act with reasonable diligence "'does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well.'" *Ross*, 712 F.3d at 799 (quoting *LaCava*, 398 F.3d at 277). Accepting the facts stated in Petitioner's declaration as true, he was not reasonably diligent in pursuing the appeal of his PCR denial.

Petitioner asserts that he began writing to his PCR counsel in January 2005, almost a year after his petition had been denied by the PCR court. He further indicates that he wrote to counsel every six months thereafter and made several calls to counsel's office, Show Cause Response ¶¶ 5-6, but he never attempted to contact the Public Defender's Office or the state courts until December 2011 in spite of not hearing from counsel in the intervening time period. Moreover, he delayed filing his motion for four months after the prison paralegal informed him no appeal had been filed. *Id.* ¶¶ 8-10.

Under the circumstances set forth in Petitioner's declaration, it was not reasonable for Petitioner to wait seven years before contacting the court when counsel did not respond to his letters or phone calls during that time. *See LaCava*, 398 F.3d at 279 (noting "twenty-one months of inactivity . . .

9

crosses the line of what constitutes due diligence for purposes of employing that principle to save an otherwise untimely filing"). *See also Holland v. Florida*, 560 U.S. 631, 653 (2010) (finding reasonable diligence where petitioner "not only wrote his attorney numerous letters seeking crucial information and providing direction[,] [but] also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [counsel] . . . removed from his case"). Moreover, it was not reasonably diligent under the circumstances for Petitioner to wait four months to file his motion once he learned counsel had not filed an appeal. *See id.* ("And, the *very day* that Holland discovered that his AEDPA clock had expired due to [counsel's] failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court." (emphasis in original)). The lack of reasonable diligence on Petitioner's part in pursuing a PCR appeal breaks any nexus between counsel's failure to file an appeal and Petitioner's failure to file a timely habeas petition. *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).

As Petitioner has not established he pursued an appeal of his PCR denial with reasonable diligence under the circumstances, he is not entitled to equitable tolling of AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S.

10

408, 419 (2005) ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."). His federal habeas petition is therefore untimely and must be dismissed with prejudice. Respondent's motion to dismiss is granted.

## B. Certificate of Appealability

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

**IV. CONCLUSION**

    For the reasons stated above, Respondent's motion to dismiss is granted, and the habeas petition is dismissed as untimely under 28 U.S.C. § 2244. No certificate of appealability shall issue.

| | |
|---|---|
| **March 13, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |